# IN THE COURT OF APPEALS OF IOWA

No. 17-0485
Filed June 21, 2017

**IN THE INTEREST OF K.K. and K.K.,**
**Minor Children,**

**S.K., Grandmother (guardian),**
     Appellant,

**S.K., Mother,**
     Appellant.
_____

Appeal from the Iowa District Court for Scott County, Christine Dalton Ploof, District Associate Judge.


A mother and grandmother appeal a juvenile court order terminating the mother's parental rights and the grandmother's guardianship over two children, born in 2005 and 2008. **AFFIRMED ON BOTH APPEALS.**


Michael A. Woods of Zamora, Taylor et al., Davenport, for appellant grandmother (guardian).

Steven W. Stickle of Stickle Law Firm, P.L.C., Davenport, for appellant mother.

Thomas J. Miller, Attorney General, and Ana Dixit, Assistant Attorney General, for appellee State.

Margaret M. Moeller of Maria K. Pauly Law Firm, Davenport, guardian ad litem for minor children.


Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

A mother and grandmother appeal a juvenile court order terminating the mother's parental rights and the grandmother's guardianship over two children, born in 2005 and 2008. The mother contends (A) the State failed to prove the grounds for termination cited by the district court, (B) the department of human services failed to make reasonable efforts towards reunification, and (C) termination is not in the children's best interests. The grandmother argues the juvenile court's termination of the guardianship "is not supported by clear and convincing evidence" and, alternatively, she should have been afforded more time to "get the children back in her care."

## I.    *Background Facts and Proceedings*

The department began investigating the family in 2007 based on domestic violence in the home. The department issued the first of several founded child abuse reports and offered the mother services to address the problem. Two years later, the department issued a second founded report based on the mother's threat of harm to herself and the younger child. Again, the department offered services to correct the problem.

Meanwhile, the mother was domestically abused by her boyfriend in the presence of the younger child, who was also injured. The mother responded by threatening to cut her boyfriend with a knife. The department issued a third founded child abuse report.

Violence in the mother's home continued. The mother hit her sister with a guitar in the presence of the children, triggering a fourth founded child abuse report.

The juvenile court removed the children and they were placed in non-relative foster care and, later, with their maternal grandparents. The department learned that the grandparents were not providing proper supervision and issued a founded report against them. The children were returned to non-relative foster care.

The case proceeded to the first of two termination hearings. The juvenile court terminated the father's parental rights and granted the mother additional time to move toward reunification. In light of her progress, the court eventually returned the children to her custody.

In time, the department learned that the older child was sexually abused by the mother's live-in boyfriend. The department issued another founded child abuse report based on the mother's failure to provide adequate supervision.

The grandparents were granted guardianship over the children.[1] They failed to properly supervise the children, allowed the mother to essentially co-parent them, and acted aggressively. The department issued more founded child abuse reports and reinitiated services for the family.

The services were unavailing. The mother and grandmother struck each other in the presence of the children, and both adults were arrested. The juvenile court removed the children from the grandparents' custody and adjudicated them in need of assistance. Meanwhile, the grandfather passed away.

---

[1] The guardianship order is not in our record. The termination order states it was filed "through District Court." We assume without deciding the juvenile court granted the district court concurrent jurisdiction for the limited purpose of entering a guardianship order. *See* Iowa Code § 232.3(2) (2016).

The State petitioned to terminate the mother's parental rights and requested to have the guardianship dissolved. Following a hearing, the juvenile court terminated the mother's parental rights to the children as well as the grandmother's guardianship. Mother and grandmother appealed.

## II.    Mother

### A.    Grounds for Termination

The mother contends the State failed to prove the grounds for termination cited by the district court. We may affirm if we find clear and convincing evidence to support any of the grounds. *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). On our de novo review, which is aided by exceptional labeling of the filings in the electronic record, we find support for termination under Iowa Code section 232.116(1)(f). This provision requires proof of several elements, including proof that the children cannot be returned to the parent's custody.

In a report to the court, the department summed up the family history as follows:

> [This] family has been involved with the [department] since 2007. Since that time, the . . . family has had 32 child abuse assessments completed of which 16 were founded. The confirmed reports include [the mother] threatening to hurt herself and [the younger child,] domestic violence in the children's presence, [the younger child being hurt during a domestic violence issue, and [the mother] and [the grandmother] being involved in physical altercations which included [the mother] choking [the grandmother] on one occasion to the point of [the grandmother] passing out. . . . Other confirmed incidents include [the older child] being sexually abuse[d] by a male that [the mother] had just met. . . . Also the children have tested positive with drugs in their system. . . . Most concerning about this family, is that [the mother] has been showing a consistent pattern of putting her children at risk due to her mental health and anger issues. After being involved with the [department] for almost 10 years, [the children] deserve permanency in their lives.

At the termination hearing, the professionals overseeing the case recommended against return of the children to their mother. The case manager cited the mother's "mental health," the physical and verbal altercations, and the "pattern" he had seen "over the years." He testified, "[I]t just keeps coming up." A care coordinator similarly testified there was "a pattern of explosive behaviors between [the grandmother and mother] over time."

The mother essentially admitted the children could not be returned to her custody at the time of the termination hearing. She testified,

> If I looked at you right now and said, "Sir, I'm perfectly healed and my anger is completely controlled," I'd be lying under oath. I still have some work to do with my anger probably. There hasn't been very long and I still would like time to work on that.

We conclude the State proved termination under Iowa Code section 232.116(1)(f).

### B.    Reasonable Efforts

The department has an obligation to make reasonable efforts towards reunification. *In re C.B.,* 611 N.W.2d 489, 493-94 (Iowa 2000). This is a substantive requirement of certain grounds for termination, including section 232.116(1)(f). *Id.*

The mother argues the department was "avoidant in its obligation to provide reasonable efforts." In her view, the department "never offered services to address [the grandmother's] alleged deficits in setting boundaries with [her]." Assuming without deciding that the mother can raise the adequacy of services directed to the grandmother, we are persuaded the department furnished a host of services to family members, including the grandmother. Those services

attempted to address the grandmother's toxic relationship with her daughter, but they were largely unsuccessful in mitigating the turmoil between them. We conclude the department satisfied its reasonable efforts mandate.

### C. Best Interests

Termination of parental rights must be in the children's best interests. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). In this case it was. Custody of the children was returned to the mother, but she continued to neglect the children and expose them to harm. The care coordinator testified that the older child felt "she should not have to deal with the pressures of things involving this case at her age." The coordinator described the younger child's behaviors as going "up and down, hot and cold, depending on where he was at the time." In the coordinator's opinion, it was troubling "that the children are that young and experience that type of mental push and pull at such a young age." We agree with this assessment. The two children endured abuse and neglect for close to a decade. Termination of the mother's parental rights was in their best interest.

### III. Grandmother

The grandmother takes issue with the juvenile court's determination that she was unable to parent the children on her own and needed the mother to assist her. In the wake of her husband's death, she suggests she had "more time and energy to care for the children." She also asserts the level of conflict with her daughter diminished over time. On our de novo review, we disagree.[2]

---

[2] There is nothing in our record to indicate the juvenile court relinquished its jurisdiction or authority to review the guardianship. *See* Iowa Code § 232.104(8)(a) (authorizing annual review to determine whether child's best interest is being served; *see also id.* §§ 232.101A(2) (stating the court "may" close the child in need of assistance case by

The grandmother had ample opportunity to demonstrate her ability to care for the children and protect them from their mother's volatile behaviors and third-party harm. She showed herself unable to meet their needs. As the juvenile court stated, she "remained physically and emotionally challenged by the children," despite the provision of numerous services to address basic parenting skills.

We turn to the grandmother's request for additional time. The department case manager testified time would not assist the guardian in getting herself into a position to have the children returned to her care. We conclude termination of the guardianship was in the children's best interest.

## IV. *Disposition*

We affirm the juvenile court's termination of the mother's parental rights to her two children and the grandmother's guardianship over the children.

**AFFIRMED ON BOTH APPEALS.**

---

transferring jurisdiction over the child's guardianship to the probate court"); 232.104(8)(b) (same); *In re K.Z.*, No. 13-0311, 2013 WL 1751401, at *2 (Iowa Ct. App. Apr. 24, 2013) (concluding the juvenile court acted "well within its statutorily-conferred discretion in retaining jurisdiction of this matter"); *In re A.M.S.*, No. 10-1414, 2010 WL 4484644, at *1 (Iowa Ct. App. Nov. 10, 2010) (concluding the legislature left it to the juvenile court to decide whether and when to close a juvenile court proceeding).